VERLENE LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 19919-89
United States Tax Court
T.C. Memo 1991-337; 1991 Tax Ct. Memo LEXIS 380; 62 T.C.M. (CCH) 213; T.C.M. (RIA) 91337; July 24, 1991, Filed *380 Decision will be entered for the respondent. Verlene Lee, pro se. Mary Beth Calkins, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,798.00 in petitioner's Federal income tax for the taxable year 1987. The issues presented for decision are: (1) Whether petitioner is entitled to two claimed dependency exemptions for 1987, (2) whether petitioner is entitled to claim head of household filing status for 1987, and (3) whether petitioner is entitled to a child care credit claimed for 1987. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioner resided in Hammond, Louisiana, *381 at the time she filed her petition. For convenience, the findings of fact and opinion have been combined by issue. The first issue for decision is whether petitioner is entitled to claim two dependency exemptions for 1987. During 1987, Verlene Lee (petitioner) was employed as a teacher at Southeastern Louisiana University. Petitioner reported wages on her 1987 Federal income tax return totalling $ 19,800.00. In addition, on the 1987 return petitioner claimed her niece, Hannah Lee, and her nephew, Vincent T. Lee, as dependents. In support of her claim that Vincent and Hannah Lee were her dependents in 1987, petitioner testified that she provided the majority of the income used to support the two children for 1987. In particular, petitioner maintains that she provided almost all of the food, clothing, and other living expenses of Vincent and Hannah for 1987. While petitioner acknowledges that several other relatives of the children, including their parents and grandparents, provided some support, it is her position that she provided the bulk of it. Petitioner provided no evidence apart from her own testimony to support her claim that the two children were her dependents. By *382 way of explanation for her failure to produce any substantiation, petitioner testified that a fire destroyed all of her supporting records. As confirmation of this claim, petitioner offered a copy of a fire marshal's report indicating that a fire damaged an apartment complex where petitioner previously resided. Respondent, in his statutory notice of deficiency, determined that petitioner was not entitled to the claimed dependency exemptions for the children in 1987. The determination of respondent, as contained in his statutory notice of deficiency, is presumed to be correct. Petitioner bears the burden of proving respondent erred in his determination. ; Rule 142(a). Section 151(c)(1) grants individuals an exemption for dependents as defined in section 152. Correspondingly, section 152(a)(6) includes a son or daughter of a brother or sister of the taxpayer as a dependent provided that the taxpayer supplied over one-half of the support for such children. Petitioner contends that she provided over one-half of the support for the two children in 1987. In order for her to establish that she provided more than one-half *383 of the purported dependent's support, petitioner must first demonstrate by competent evidence the total amount of support furnished by all sources for that year. If the amount of total support is not shown, or cannot be reasonably inferred from competent evidence, then we must conclude that petitioner did not furnish more than one-half of the support. . The only evidence presented by petitioner in support of her claim is her unsubstantiated testimony that she provided the majority of support for the two children in 1987. While petitioner presented documentation indicating that her records may have been destroyed by a fire, she failed to produce any other supporting evidence at all. Petitioner did not produce any other witnesses to corroborate her testimony. We are not required to accept petitioner's self-serving testimony as gospel. . As a result, we find that petitioner has failed to carry her burden of proof. Thus, we sustain the determination of respondent on this issue. The next issue for decision is whether petitioner is entitled *384 to head of household filing status for 1987. Section 2(b) provides, in pertinent part, that an individual shall be considered head of household if she is not married at the close of the year and she maintains as her home a household which constitutes for more than one-half of the taxable year, the principal place of abode of any person who is a dependent of the taxpayer, provided that the taxpayer is entitled to a deduction for such person under section 151. Sec. 2(b)(1)(A)(ii). Our earlier conclusion that petitioner is not entitled to deductions for the two children pursuant to sections 151 and 152 is fatal to this claim. Accordingly, petitioner is not entitled to head of household filing status. Thus, respondent's determination on this issue is sustained. The final issue for decision is whether petitioner is entitled to the child care credit she claimed for 1987. Section 21(a) provides a tax credit equal to a percentage of certain employment related expenses paid by an individual who maintains a household that includes one or more "qualifying individuals." A qualifying individual includes "a dependent of the taxpayer who is under the age of 15 [now 13] and with respect to *385 whom the taxpayer is entitled to a deduction under section 151(c)." Sec. 21(b)(1)(A). Because we have held that petitioner is not entitled to dependency exemptions for the children under section 151(c), it follows that petitioner's claim for the child care credit must fail as well. Accordingly, respondent's determination on this issue is sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩